UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE RONALD WILLIAMS,   Case No. 4:24-cv-11813
                          Hon. F. Kay Behm
    Plaintiff,

v.

UNKNOWN FORSHYTHE, AND
UNKNOWN PEARSON,

    Defendants.
_____/

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Michigan inmate Antoine Ronald Williams sues two staff members stationed at the MDOC Reception and Guidance Center for their alleged deliberate indifferent to his serious medical needs. The complaint will be dismissed with respect to Defendant Unknown Pearson for Plaintiff's failure to state a claim. The case will proceed against Defendant Unknown Forshythe.

I

The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42

U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

II

Plaintiff asserts that when he was an inmate at the Reception and Guidance Center in 2022, Defendant Forshythe, a psychiatrist, discontinued his depression medication. Plaintiff spoke with Defendant Pearson, his therapist, who unsuccessfully tried to get him back on the discontinued medication. Plaintiff claims that he went through withdrawal symptoms, and eventually he slit his wrist and attempted to jump from a fourth-floor balcony. Forshythe continued to refuse

to put Plaintiff back on his old medicine, and instead he put Plaintiff on a medication that caused an allergic reaction. (ECF No. 1, PageID.7-8.)

### III

The allegations in the pro se complaint suggest a claim under the Eighth Amendment to be free from deliberate indifference to a serious medical need. To state such a claim, Plaintiff must plead facts in support of two elements. He must show: (1) that he had a serious medical need, and (2) that each defendant, being aware of that need, acted with deliberate indifference to it. *See Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

With respect to Defendant Pearson, Plaintiff asserts only that Pearson intervened on Plaintiff's behalf and asked to have him put back on the medication that Defendant Forshythe discontinued. Plaintiff states no facts to suggest that Pearson was deliberately indifferent to Plaintiff's serious medical need.

### IV

Under 42 U.S.C. § 1915(e)(2), the complaint is therefore **DISMISSED** with respect to Defendant Unknown Pearson.

The case will proceed on Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Unknown Forshythe.

**SO ORDERED**.

Dated: September 12, 2024         s/F. Kay Behm
                                  F. Kay Behm
                                  United States District Court